IN THE UNITED STATES DISTRICT COURT
FOR THE  NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JOSHUA MARCUS CARTER,

      Plaintiff,

v.                                                              Civil Action No. 3:18-CV-13
                                                                (GROH)

CO COOK,
CO McKEAN,
JANE DOE,
JOSHUA HORNE, and
NORTHERN CORRECTIONAL FACILITY,

      Defendants.

## REPORT AND RECOMMENDATION

## I.      INTRODUCTION

Plaintiff was previously a state inmate[1] confined at the Northern Correctional Center ("NCC") in Moundsville, West Virginia.  Apparently, it was during his confinement at NCC that the events occurred which led to this civil action being filed pursuant to 42 U.S.C. § 1983.  ECF No. 1.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review.  For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed without prejudice.

## II.      FACTUAL AND PROCEDURAL HISTORY

On January 29, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C.

---

[1]  At the time he filed the complaint in this action, Plaintiff was incarcerated at Huttonsville Correctional Center in Huttonsville, West Virginia.  The docket shows that on January 2, 2020, Plaintiff filed a change of address form with the Clerk, providing a new address following Plaintiff's release from custody.  ECF No. 21.

§ 1983 alleging in five claims that the named defendants violated his constitutional rights by failing to protect him from being assaulted by a fellow inmate.  ECF No. 1 at 7 – 8.

In Claim 1, Plaintiff asserts that his Eighth Amendment rights were violated by Defendants Correctional Officer ("CO") McKean and CO Jane Doe, who did not comply with Division of Corrections ("DOC") policies.  He alleges he was assaulted by inmate Horne as a result.  Id. at 6, 12.  In Claim 2, Plaintiff asserts that Constitutional rights were violated when CO Jane Doe demonstrated deliberate indifference toward his safety.  Id. at 8, 13.  In Claim 3, Plaintiff asserts that his Seventh Amendment rights were violated when CO McKean demonstrated deliberate indifference toward his safety and DOC policies.  Id. at 8, 14.  In Claim 4, Plaintiff again asserts that his Seventh Amendment rights were violated when CO McKean demonstrated deliberate indifference toward his safety and DOC policies.  Id.  In Claim 5, Plaintiff asserts that his Eighth Amendment rights were violated by the Northern Correctional Center for failing to train officers to follow policies and procedures.  Id. at 8, 15.

Plaintiff claims that he sustained injuries as a result of the assault and that his top lip required stitches, that his bottom lip was cut, and that he suffered a chipped and broken tooth.  Id. at 9.  Plaintiff seeks unspecified "compensation" for his pain and suffering, "up to the amount of insurance allowable from each Defendant and any other amount" authorized by the Court.  Id.

Plaintiff paid an initial partial filing fee on December 10, 2018.  ECF No. 13.

### III.  LEGAL STANDARD

#### A.      Pro Se Litigant

Courts must read *pro se* allegations in a liberal fashion and hold those pro se

pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more

than conclusory or speculative factual allegations.

**B.      § 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against
> "[e]very person who, under color of any statute ... of any
> State ... subjects, or causes to be subjected, any citizen ... to
> the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws...." The purpose of §
> 1983 is to deter state actors from using the badge of their
> authority to deprive individuals of their federally guaranteed
> rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257

(1978).  In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated

what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations
> are required in order to state a cause of action under that
> statute. First, the plaintiff must allege that some person has
> deprived him of a federal right. Second, he must allege that
> the person who has deprived him of that right acted under
> color of state or territorial law.

Gomez, 446 U.S. at 640.

## IV.  ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a case with

respect to prison conditions must first exhaust all available administrative remedies.  42

U.S.C. § 1997e.  Exhaustion as provided in § 1997(e)(a) is mandatory.   Booth v.

Churner, 532 U.S. 731, 741 (2001).  The Supreme Court of the United States has

determined that the PLRA's exhaustion requirement applies to all inmate suits about

prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S.

532 (2002).

In addition, although generally the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds.  <u>See</u> <u>Anderson v. XYZ Prison Health Services</u>, 407 F.3d 674, 681 (4th Cir. 2005).  If the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. §1915A to dismiss the case *sua sponte*.  <u>Id</u>. at 682.

A grievance procedure is available to inmates through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the administrator of the facility in which they are confined. Upon receipt of the grievance, the administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the administrator must advise the inmate of the rejection. If the grievance is not rejected, the administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision.  If the administrator's response is unfavorable, the inmate may appeal to the chief of operation within five days of the receipt of the administrator's decision. Upon receipt of an appeal, the chief of operations must immediately direct the administrator to forward copies of all information relating to the inmate's grievance within two business days. The chief of

operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the chief of operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the chief of operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the chief of operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

The Plaintiff's complaint states that he was aware that there was a grievance procedure at Northern Correctional Center, and that he filed a grievance. ECF No. 1 at 5. However, concedes that he did not exhaust available administrative remedies. Id. at 6. Further, Plaintiff attached a copy of the West Virginia Division of Corrections Inmate Grievance Form, Grievance No. 17-HCC-F-169, which he filed on May 18, 2017, related to the incident which occurred on February 3, 2017. ECF No. 1-1. The form states that the grievance was denied on May 24, 2017, because it was "well over the 15 days of incident", pursuant to Policy Directive 335.00. Id. By his own disclosure, it is apparent that the Plaintiff has not exhausted the grievance procedure by filing a grievance with the administrator, then appealing to the chief of operations, and finally appealing to the

Office of Executive before filing his complaint in federal court.  Because the failure to exhaust is clear on the face of the complaint and additional documents, *sua sponte* dismissal of this action is appropriate.[3]  See Anderson, 407 F.3d at 682.

Furthermore, even if the Plaintiff had properly exhausted his administrative grievances, his complaint would still be subject to dismissal because, among other reasons, Plaintiff seeks relief which is unavailable or improper under § 1983, has failed to name proper parties to state a cause of action, and has failed to assert a cognizable cause of action[4] as to some of his claims against the named parties.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDED** that Petitioner's section 1983 complaint [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE** for failure to exhaust available administrative remedies prior to filing suit.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

---

[3]  Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ," see Booth v. Churner, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances.  See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga.  Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms).  Here, plaintiff has failed to set forth any reason to excuse his failure to exhaust.

[4]  As to Plaintiff's allegations against a fellow inmate, Horne, and the institution of the Northern Correctional Center, these claims must fail as Plaintiff fails to make a specific assertion against a state actor.

**objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:        March 3, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

9